# LOAN MODIFICATION AGREEMENT

THIS LOAN MODIFICATION AGREEMENT (the "*Agreement* ") is made and entered into as of **Thursday, March 2, 2023**, between **ASO EQUITY PARTNERS, LLC** (hereinafter the "*Note Holder*"), whose address is **P.O. Box 420202, Atlanta, GA 30342**, and **BARBARA L KIMBLEY AND BRUCE A KIMBLEY** (hereinafter the "*Borrower(s)*"), whose address is **706 South Worth Ave, Indianapolis, IN 46241** (collectively referred to herein as the "*Parties*"). The Modification is as follows:

### *RECITALS:*

A. The Originator of this Note loaned **$25,000.00** to Borrower (the "*Loan*"), which was evidenced by a Note (the "*Note*") dated **08/30/2006**.

B. The Note is secured by a Deed of Trust / Mortgage on the property located at **706 South Worth Ave, Indianapolis, IN 46241, Lot 378,** which is recorded in the official records of **Marion County, Indiana**, on **09/21/2006**, as **Instrument Number 2006-0144438.** (the "*Deed of Trust / Mortgage*").

C. The Legal Description of the Property is legally described and referenced in the original Deed of Trust / Mortgage mentioned above.

D. Note Holder is now the owner of the Note and the Deed of Trust / Mortgage (collectively the "*Loan Documents*"), and Borrower hereby agrees that the Loan Documents are the only agreements and documents now in effect with respect to the Loan. Any other understandings, loan agreements or arrangements, which may have existed pertaining to the Loan, are hereby terminated.

E. The Parties have agreed that Note Holder shall refrain from exercising the rights and remedies granted to it by the Loan Documents, and instead, agree to modify the terms of Borrower's obligations under the Loan Documents pursuant to the terms and conditions set forth in this Agreement.

F. Pursuant to the mutual agreement of the Parties to modify the Loan Documents, and in consideration of the promises, conditions and terms set forth below, Note Holder has agreed to adjust the repayment terms of the Note, and the total amount due with respect to the Note. Note Holder has also agreed to reinstate the Loan as current and not in default as of the Effective Date of this Agreement as further outlined below.

## LOAN MODIFICATION

NOW, THEREFORE, in consideration of the foregoing recitals which you agree to be true and correct and a part of this Agreement, the Borrower and Note Holder agree as follows:

1. **INCORPORATION OF RECITALS AND DEFINTIONS**. Borrower and Note Holder hereby acknowledge the accuracy of the foregoing Recitals as a substantive part of this Agreement. Except as specifically defined herein, all capitalized terms used in the recitals and in the body of this Agreement shall have the definitions ascribed therefore in the Loan Documents.

2. **VALIDITY OF THE LOAN DOCUMENTS**. Except as expressly modified by this Agreement, the terms and conditions of the Loan Documents remain in full force and effect and the Deed of Trust / Mortgage shall continue to secure the Note and this Agreement.

3. **THE EFFECTIVE DATE**. This Agreement will be effective on **Friday, March 10, 2023**.

# LOAN MODIFICATION AGREEMENT

4. **MODIFICATION OF THE LOAN DOCUMENTS**. The obligations under the Loan Documents are modified as follows:

A. *New Principal Loan Balance.* The New Principal Loan Balance now owed with respect to the Loan shall be **$72,032.45** and is comprised of the outstanding principal balance of **$22,275.76** as of the date of default on **07/01/2010**, plus the capitalized arrears of **$49,756.69** (the "*New Loan Principal Balance*").

C. *Fixed Interest Rate.* From the Effective Date of this Agreement, and continuing until maturity, the interest on the unpaid New Principal Loan Balance will accrue at a fixed annual rate equal to **6.664%**.

D. *New Monthly Loan Payment.* The New Monthly Interest Only Loan Payment amount, will be **$400.00**.

E. *Payment Term.* The first New Monthly Loan Payment will be due on **04/01/2023** with all subsequent Monthly Loan Payments due on the first day of each month following this date and continuing through and including the *Maturity Date* on **05/01/2033** (the "*Maturity Date*"), when the remaining New Principal Loan Balance, including any additional interest, charges, advances, and other fees and costs related to the Loan which the Note Holder has not yet collected, will be due.

F. *Balloon Payment.* The final payment under this agreement shall be a balloon payment due on **05/01/2033**, which is **Ten (10) Years** from the effective date of this Agreement. The balloon payment shall be in the amount of the remaining New Principal Loan balance under the Mortgage.

G. *Late Charges.* In the event the New Monthly Loan Payment has not been received within **15 days** of the first day of the month when such New Loan Monthly Payment is due, Borrower agrees to pay a late charge of **$17.00**. See **Original Note**:

5. **FORCED PLACE INSURANCE:** In the event Borrower fails to obtain insurance, the Note Holder shall be required to force place insurance in, order to protect its security interest and add any such amounts to the New Principal Balance. Additionally, Borrower releases the Note Holder from any liability in connection with said forced place insurance being inadequate as to the amount of coverage obtained by the Note Holder.

6. **RIGHT TO PREPAY**: There shall be no prepayment penalty.

7. **ESCROW ACCOUNT**: Borrower is independently responsible for the payment of taxes and insurance and is required to pay both property taxes and insurance directly to the appropriate entities. However, if the Borrower fails to keep current and pay either taxes or any type of insurance required for the Property either by state law or by the Note Holder, then the Note Holder may advance these amounts to protect its security interest and if necessary, increase the amount of the New Principal Balance or may declare a default under the terms of this Modification.

8. **INSURANCE REQUIREMENTS**: The insurance carrier providing the insurance shall be chosen by Borrower subject to the Note Holder's approval which shall not be unreasonably withheld. All insurance policies and renewals shall contain the Note Holder's loan number and include a standard mortgagee clause for the benefit of:

ASO EQUITY PARTNERS, LLC
*ITS SUCCESSORS AND/OR ASSIGNS*
P.O. Box 420202, Atlanta, GA 30342
PHONE: (800) 909-7030

9. **ADDITIONAL EVENTS OF DEFAULT**: Without limiting the other events of default set forth in the Loan Documents, Borrower will be in default under this Agreement and under the Loan Documents upon the occurrence of anyone (1) or more of these events:

## LOAN MODIFICATION AGREEMENT

A. Any material representation or warranty made by Borrower in the Loan Documents, this Agreement, or any initial agreement proves to be false or misleading in any respect.

B. Borrower fails to make the New Monthly Payment as required by this Agreement.

C. Borrower sells or conveys any interest in the Property without the Note Holder's prior written consent.

D. Breach of any of the terms or provisions of this Agreement.

E. Borrower fails to pay taxes or fails to pay insurance

10. **CONSEQUENCES OF DEFAULT**: If Borrower defaults under this Agreement or the Loan Documents after the Effective Date ("*Default*"), the Note Holder shall send written notice informing Borrower of a default and give Borrower *thirty (30) days* to cure such default. In the event Borrower fails to cure the default within the *thirty (30) days* cure period, then the Note Holder may, in addition to the remedies provided by the Loan Documents, subject only to applicable law, institute any foreclosure or collection proceedings without prejudice for having accepted any payments, including, but not limited to, the New Monthly Payments, under this Agreement and exercise any of its rights and remedies against Borrower under the Loan Documents and/or this Agreement.

11. **REPRESENTATIONS AND WARRANTIES**: As a material condition to the Note Holder's willingness to enter into this Agreement, Borrower represents and warrants the following facts:

A. That Borrower is indebted to the Note Holder pursuant to the terms of the Loan Documents and this Agreement, that the total amount owed is accurately set forth in this Agreement, and that Borrower has no claims, actions, causes of action, statute of limitations or other defenses, counterclaims, or setoffs of any kind, including any claims pursuant to the Federal Truth in Lending Act ("*FTLA*"), which Borrower can assert against the Note Holder in connection with the making, closing, administration, collection or enforcement by the Note Holder of the Loan Documents, this Agreement or any related agreement at any time, past, present or future.

B. Borrower represents and warrants that they have no present intention to file additional bankruptcy proceeding any time after the Effective Date and that they believe the terms of this Agreement are sufficient to allow Borrower to comply with their obligations under the Loan Documents and this Agreement.

C. Borrower represents and warrants that all material statements Borrower has made to the Note Holder, whether written or oral, all financial information and releases Borrower has provided to the Note Holder regarding Borrower or the Property, and all information provided pursuant to any initial agreement Borrower may have signed with the Note Holder, remain valid and were trust as of the date made and as of the Effective Date.

D. Borrower understands that this Agreement is legally binding and that it affects Borrower's rights. Borrower has obtained, or has had the opportunity to obtain, independent legal counsel concerning the meaning and importance of this Agreement. Borrower further represents and warrants that he or she is signing this Agreement voluntarily and with full understanding of its contents and meaning.

12. **BORROWER'S RELEASE OF THE NOTE HOLDER**: In the event that Borrower has any claims, actions or causes of action, statute of limitations or other defenses, counterclaims or setoffs of any kind which exist as of the date of this Agreement, whether known or unknown to Borrower, which Borrower now or hereafter may assert against the Note Holder in connection with the making, closing, administration, collection or the enforcement by the Note Holder of the

## LOAN MODIFICATION AGREEMENT

Loan Documents, this Agreement or any other related agreements, then by executing this Agreement Borrower forever irrevocably waives and relinquishes them.

13. **FINAL AGREEMENT**: This Agreement may not be supplemented, changed, waived, discharged, eliminated, modified and / or omitted except by written document executed by both Borrower and the Note Holder. This Agreement constitutes the entire agreement between Borrower and the Note Holder, and supersedes all previous negotiations and discussions between Borrower, the Note Holder and/or the Note Holder predecessors in interest, and neither parole evidence nor any prior or other agreement shall be permitted to contradict or vary its terms. There are no promises, terms, conditions and / or obligations other than those contained in this Agreement.

14. **NO NOVATION**: Borrower expressly agrees that this Agreement is not a new loan from the Note Holder, but simply the modification of Borrower's existing obligations under the Loan Documents. Neither Borrower nor the Note Holder has any intention to extinguish or discharge the indebtedness or the liens evidenced by the Loan Documents.

15. **USURY SAVINGS CLAUSE**. Notwithstanding anything to the contrary contained elsewhere in this Agreement, Borrower and the Note Holder hereby agree that all agreements between them under this Agreement and with respect to the Loan, whether now existing or hereafter arising and whether written or oral, are expressly limited so that in no contingency or event whatsoever shall the amount paid, or agreed to be paid, to the Note Holder for the use, forbearance, or detention of the money loaned to Borrower, or for the performance or payment of any covenant or obligation contained herein or therein, exceed the maximum rate of interest under applicable law (the "*Maximum Rate*"). If from any circumstance whatsoever, fulfillment of any provisions of this Agreement at the time performance of such provisions shall be due shall involve transcending the limit of validity prescribed by law, then, automatically, the obligation to be fulfilled shall be reduced to the limit of such validity, and if from any such circumstance the Note Holder should ever receive anything of value deemed interest by applicable law which would exceed the Maximum Rate, such excessive interest shall be applied to the reduction of the principal amount owing with respect to the Loan or on account of the other indebtedness secured by the Loan Documents and not to the payment of interest, or if such excessive interest exceeds the unpaid principal balance of the Loan and such other indebtedness, such excess shall be refunded to Borrower. All sums paid or agreed to be paid to the Note Holder for the use, forbearance, or detention of the Loan and other indebtedness of Borrower to the Note Holder shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of such indebtedness until payment in full so that the actual rate of interest on account of all such indebtedness is uniform throughout the actual term of the Loan or does not exceed the Maximum Rate throughout the entire term of the Loan, as appropriate. The terms and provisions of this Paragraph 13 shall control every other provision of this Agreement and all other agreements between Borrower and the Note Holder.

16. **CHOICE OF LAW AND SEVERABILITY**: This Agreement shall be governed by and construed under the laws of the **Indiana**. If any portion, term, or provision of this Agreement is held by a court of competent jurisdiction to be illegal or in conflict with such law, the validity of the remaining portions, terms or provisions of this Agreement shall not be affected, and the rights and obligations of the Parties shall be construed and enforced as if this Agreement did not conflict with such law and/or did not contain the portion, term or provision held to be invalid.

17. **SUCCESSORS**: This Agreement shall bind the Parties' respective successors, assigns, heirs, and personal representatives. This Agreement shall not be understood to limit in any way the right of the Note Holder to sell, or otherwise convey, any interest in the subject obligation to another, provided that such subsequent party in interest is also bound as the Note Holder to the terms of this Agreement.

## LOAN MODIFICATION AGREEMENT

18. **REFERENCES**: All references to the singular shall include the plural and all references to one (1) gender herein shall include both genders.

19. **EXECUTED IN COUNTERPARTS**: This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one (1) and the same document.

20. **NO TRIAL BY JURY**: By executing this Agreement, Borrower irrevocably waives all rights to trial by jury in any action, proceeding or counterclaim arising out of or relating to this Agreement and any related agreements or documents or transactions contemplated in this Agreement.

21. **PAYMENT INSTRUCTIONS**: All payments, unless you are notified by the Note Holder in writing of a different address, shall be made to the **Note Holder's Servicing Agent at the following address:**

> FCI Lender Services, Inc.
> Attn: Loan Servicing Dept.
> P.O. Box 27370, Anaheim Hills, CA 92809-0112
> (714) 282-2424 | www.trustfci.com
> Borrower's Loan #: 9160069032

22. **NOTICES**: All notices should be sent to:

| | |
|---|---|
| **If to the *Note Holder*:** | ASO EQUITY PARTNERS, LLC<br>P.O. Box 420202<br>Atlanta, GA 30342 |
| **If to the *Borrower*:** | Barbara L Kimbley and Bruce A Kimbley<br>706 South Worth Ave<br>Indianapolis, IN 46241 |

23. **TIME IS OF THE ESSENCE**: Time, and the Note Holder's security interest in the Property, shall be of the essence as to Borrower's obligations under this Agreement.

24. **AMENDMENTS**. This Agreement may not be amended or modified orally, and no provision of this Agreement may be waived or amended except in a writing signed by the Borrower and the Note Holder.

25. **FULL FORCE AND EFFECT**. Borrower hereby ratifies and confirms in all respects and without condition, all the terms and provisions of the Loan Documents, as modified herein, and agrees that said terms and provisions, except to the extent expressly modified herein, continues in full force and effect.

## LOAN MODIFICATION AGREEMENT

### ❖ LOAN MODIFICATION INFORMATION &INSTRUCTIONS:

**Please send back the following Loan Modification Paperwork & Down Payment on or before 03/21/2023**

1) A Fully Executed Loan Modification.
2) A Copy of the Borrower's Driver's License.
3) A Fully Executed Homeowners Insurance Information Form, with a Copy of the Homeowner's Insurance Policy's Declaration's Page.
4) A Fully Executed W-9 Form for all Borrowers.
5) A Fully Executed Loan Servicing ACH Monthly Loan Payment Form, please include a Void Check. This is for the Monthly Loan Payments starting on 04/01/2023. Borrowers can choose any day from the 1st through the 10th of the month. **Borrower's FCI Loan # -9160069032**

➢ **Please send back the Loan Modification Paperwork to the following address:**
- Attn: DJ Olojo
- ASO EQUITY PARTNERS, LLC
- P.O. Box 420202, Atlanta, GA 30342

❖ **FCI's Payment Mailing Address:**
- FCI Lender Services, Inc.
- Attn: Loan Servicing Department
- P.O. Box 27370, Anaheim Hills, CA 92809-0112

**Note Holder:** ASO EQUITY PARTNERS, LLC

**Signature:** _[signed]_, Manager

**Name / Title:** ASO Equity Partners, LLC

**Date:** 3-21-2023

## LOAN MODIFICATION AGREEMENT

IN WITNESS WHEREOF, the Borrower has executed this Agreement on the date set forth opposite his, her or its name below. The undersigned hereby certify that they have read and fully understand all the terms, provisions and conditions of this Agreement and have executed this Agreement voluntarily. Only the Borrower needs to have their signature notarized.

### Borrower: Barbara L Kimbley and Bruce A Kimbley

Signature: _Barbara L Kimbley_  Signature: _Bruce Kimbley_

Name (printed): Barbara L Kimbley  Name (printed): BRUCE KIMBLEY

Date: 3/21/2023  Date: 3-21-2023

STATE OF INDIANA )
 ) ss.
COUNTY OF MARION )

On March 21, 2023, before me, the undersigned, a Notary Public in and for said State, duly commissioned and sworn, personally appeared BARBARA & BRUCE KIMBLEY, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person who executed the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
NOTARY PUBLIC